In the Matter of CHARLES J. COWAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 3, 1986

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Robert P. Guido* of counsel), for petitioner.

*William J. Kelly* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on December 17, 1952. In this proceeding to discipline respondent for professional misconduct, the petitioner moves to confirm in part and disaffirm in part the report of the Special Referee. The respondent cross-moves to confirm in part and disaffirm in part said report.

Respondent was charged with six allegations of misconduct. The first charge alleged that on February 25, 1982, respondent pleaded guilty to offering a false instrument for filing in the second degree in violation of Penal Law § 175.30, a class A misdemeanor, and was sentenced to an unconditional discharge. The second charge alleged that respondent neglected an estate matter entrusted to him. The third charge alleged that respondent converted estate moneys to his own use, which the Special Referee found to be in excess of $26,000. The fourth allegation accused respondent of failing to "properly preserve the identity of funds belonging to clients" and failing to "properly maintain bank records and bank accounts affecting his practice of law". The fifth charge involved respondent's alleged neglect of an estate matter entrusted to him and the sixth alleged a failure to comply with a subpoena duces tecum issued by this court. The Special Referee sustained charges one through four but did not sustain charges five and six.

After reviewing all of the evidence, we agree with the Special Referee's sustaining the first four charges of misconduct but disagree with his failure to sustain charges five and six. Respondent is guilty of all of the misconduct described above. Petitioner's motion is therefore granted and respondent's cross motion is denied.

Respondent is guilty of serious professional misconduct. Accordingly, respondent should be, and hereby is, disbarred, and his name is ordered stricken from the roll of attorneys and counselors-at-law effective forthwith.

Mollen, P. J., Mangano, Gibbons, Thompson and Bracken, JJ., concur.